**Frank A. Moscato**, OSB #72175
frank.moscato@harrang.com
**Andrea M. Davis**, OSB #00264
andrea.davis@harrang.com
**HARRANG LONG GARY RUDNICK P.C.**
1001 SW Fifth Avenue, Suite 1600
Portland, OR 97204
Telephone: (503) 242-0000
Facsimile: (503) 241-1458
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **WESTERN STATES CHIROPRACTIC COLLEGE**, an Oregon corporation; **DR. JOSEPH BRIMHALL**, its President in his Public and Private capacity; **DR. LESTER LAMM**, its Vice President of Student/Academic Affairs in his Public and Private capacity; **DR. BEVERLY HARGER**, its Staff Teacher in her Public and Private capacity; **DR. MICHAEL CARNES**, its Staff Teacher in his Public and Private capacity; **JOHN DOES 1 through 100** in his Public and Private capacity; **JANE DOES 1 through 100** in her Public and Private capacity,<br><br>            Plaintiffs,<br>v.<br><br>**LITTLE SHELL PEMBINA BAND OF NORTH AMERICA, RONALD DELORME, NAVIN C. NAIDU**, and **VINCENT BLINCOE**,<br><br>            Defendants. | Case No. CV-05-662 JE<br><br>~~PROPOSED~~ **TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION** |

Page 1 -    **PROPOSED TEMPORARY RESTRAINING ORDER**

P0037621.WPD;1

The parties having appeared on May 19, 2005, plaintiffs through Frank A. Moscato and defendants through Navin C. Naidu, and the Court having considered the following documents: (1) Plaintiffs' Complaint and exhibits thereto, on file herein, (2) Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction and the supporting Memorandum of Law, (3) Affidavit of Joseph E. Brimhall, (4) Affidavit of JoLynn M. Brown, with the supporting exhibits thereto, (5) Courtesy Response to Complaint dated May 11, 2005, and (6) Courtesy Response to Motion for Temporary Restraining Order dated May 18, 2005, the Court makes the following **findings and conclusions** in accordance with Rule 65(d) of the Federal Rules of Civil Procedure:

1. That it has jurisdiction of the Plaintiffs and Defendants in this matter.

2. That it is doubtful that: (a) the tribal court to which Defendants refer is a duly constituted court; (b) Defendant Little Shell Pembina Band of North America is a sovereign government; (c) Defendant Little Shell Pembina Band of North America is authorized to set up a court system; (d) Defendant Little Shell Pembina Band of North America is a federally recognized Indian tribe, authorized to have a recognized tribal court.

3. That Defendant Little Shell Pembina Band of North America, even if a duly constituted tribal court, does not have jurisdiction of defendant Blincoe's underlying claim under the laws of the United States. Jurisdiction of that claim would be in the appropriate state court in Oregon, or it would be in the Federal District Court for the District of Oregon.

4. That Plaintiffs have shown a likelihood of success on the merits of their claims under Counts I through Count IV their Complaint for Declaratory and Injunctive Relief.

5. That Plaintiffs will suffer immediate and irreparable injury, loss and damage, unless this Order is entered;

6. That the balance of equities favors the entry of this Order;

7. That it will not prohibit Defendants from going through a process it believes it is entitled to, including a "hearing."

In consideration of the foregoing and based on the Complaint, Affidavit, Exhibits, Memorandum of Points and Authorities and Responses submitted,

**IT IS ORDERED** that Defendants Little Shell Pembina Band of North America, Ronald Delorme, Navin C. Naidu, and Vincent Blincoe, and all other persons in concert with them, whether acting individually or through any corporation, association, or other device, or who have notice of this Order, shall be and are hereby enjoined and restrained from directly or indirectly:

1. Issuing a judgment that purports to be from any court of any state or from any federal court;

2. Attempting to execute or executing on any judgment Defendants purport to issue, in any way;

3. Seeking to have any judgment recognized as valid under the laws of the states or the United States, other than by bringing it to the Honorable Garr M. King in the United States District Court for the District of Oregon;

4. Attempting to execute any judgment; and

5. Attempting to use a judgment to affect any of the assets, income or activities of the plaintiffs.

IT IS FURTHER ORDERED that this Order is effective as of the hearing date of May 19, 2005.

IT IS FURTHER ORDERED that service of this Order shall be proper by hand-delivering, e-mailing, faxing or mailing a copy of this Order on Defendants no later than two (2) days from the date of this Order.

/ / /

Page 3 -    **PROPOSED TEMPORARY RESTRAINING ORDER**
P0037621.WPD;1

IT IS FURTHER ORDERED that this Order shall expire **June 2, 2005** unless the time is extended by this Court in accordance with Rule 65 of the Federal Rules of Civil Procedure; and

IT IS FURTHER ORDERED that on **June 2, 2005** at the hour of **9:00 a.m.**, Defendants shall show cause why the restraint imposed by this Temporary Restraining Order should not be continued and/or a Preliminary Injunction issued.

DATED this 23 day of May, 2005

_____
Hon. Garr M. King
United States District Court Judge
District of Oregon